UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NOELANI'S LLC,<br><br>　　　　Defendant. | Case No: 21-cv-04352 SBA<br><br>**ORDER STRIKING MOTION TO DISMISS WITHOUT PREJUDICE** |

Plaintiff Scott Johnson ("Plaintiff") brings the instant disability access action against Defendant Noelani's LLC ("Defendant"). Pending is a Motion to Dismiss filed on behalf of Defendant by Peter Tarantino ("Tarantino"), who is proceeding pro se. The matter is suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b). For the reasons set forth below, the motion is denied.

**I.　BACKGROUND**

Plaintiff is a level C-5 quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1, Dkt. 1. Defendant, a California limited liability company ("LLC"), owns Noelani's Island Grill (the "Restaurant"), located at 1037 Laurel Street in San Carlos, California. Id. ¶¶ 2-3.

Plaintiff visited the Restaurant in March 2021 and May 2021. Id. ¶ 8. According to Plaintiff, the Restaurant is not ADA compliant because it fails to provide wheelchair accessible outside dining surfaces. Id. ¶ 10. Specifically, Plaintiff encountered a lack of sufficient knee or toe clearance under outside dining surfaces for wheelchair users. Id. ¶ 12. Other outside dining surfaces were too low. Id.

In his Complaint, Plaintiff brings causes of action for: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; and (2) violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Defendant moves to dismiss

the Complaint. Dkt. 10. The motion is filed and signed by Tarantino, whose relationship to Defendant is unspecified. No counsel has appeared on behalf of Defendant.

## II. DISCUSSION

Tarantino, an individual proceeding pro se, purports to represent Defendant. However, Defendant is a California limited liability company. A business entity such as Defendant cannot be represented by an individual proceeding pro se; it must appear through licensed counsel. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'") (citation and footnote omitted); see also Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Because the motion to dismiss is signed only by Tarantino, it is not properly before the Court. See Fed. R. Civ. P. 11(a) (providing that every written motion must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented—and unsigned papers must be stricken). The motion to dismiss is therefore stricken without prejudice to refiling by retained counsel.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion to dismiss is STRICKEN without prejudice to refiling by retained counsel. The action shall be stayed for thirty (30) days to allow Defendant the opportunity to retain counsel.

IT IS SO ORDERED.

Dated: September 13, 2022

_Saundra B. Armstrong_ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge